```
                                                    ┌─────────────────────────────────┐
                                                    │ USDC SDNY                        │
                                                    │ DOCUMENT                         │
UNITED STATES DISTRICT COURT                        │ ELECTRONICALLY FILED             │
SOUTHERN DISTRICT OF NEW YORK                       │ DOC #: _____          │
----------------------------------------------- X   │ DATE FILED:  8/13/2025           │
                                              :     └─────────────────────────────────┘
JUAN DOMINGUEZ,                               :
                                              :
                        Plaintiff,            :              1:24-cv-7119-GHW
                                              :
            -v-                               :              ORDER
                                              :
DEANDRE S. THOMPSON, et al.,                  :
                                              :
                        Defendants.           :
                                              :
----------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

On July 7, 2025, the Court issued an order rescheduling a post-discovery status conference. Dkt. No. 20. In that order, the Court directed the parties "to review the transcripts of the initial pretrial conference held on November 14, 2024 and the transcript of the discovery conference held on March 18, 2025." *See id.* The Court directed the parties to review those transcripts because they contained information that the Court believed should be taken into account by the parties when requesting a potential extension of the discovery deadlines in this case. In a status letter dated July 10, 2025, filed in response to the Court's order, counsel for Defendants represented that the parties had "reviewed the transcripts of the initial pretrial conference held on November 14, 2024 and the transcript of the discovery conference held on March 18, 2025." Dkt. No. 21. The letter included a request to modify the discovery schedule but did not contain any reference to the substance of the two conferences.

During a conference held on the record on July 15, 2025, the Court engaged in the following colloquy with counsel for Defendants:

> THE COURT:  Thank you.  So, take a look at the order, counsel.  Counsel, you
> represented to me that you've reviewed the transcripts.  You've reviewed the
> transcripts, right?
>
> [COUNSEL FOR DEFENDANTS]:  Yes, your Honor.

THE COURT:  Thank you.  So, you are certifying, as you already have by signing the letter, that you reviewed both of the transcripts, and you're confirming that now as a member of the bar subject to professional discipline should you be misleading the Court?

[COUNSEL FOR DEFENDANTS]:  Yes, your Honor.

Dkt. No. 26-3 at 5:18–6:3.

On July 30, 2025, the Court issued an order directing counsel for Defendants to file supplemental briefing on their motion for reconsideration.  Because the transcripts of the initial pretrial conference and the subsequent conferences were germane to any evaluation of the requested extension of the discovery deadlines, the Court directed counsel for Defendants to file those transcripts on the docket.  Because counsel for Defendants had expressly represented to the Court that she had reviewed the transcripts of the November 14, 2024 and March 18, 2025 conferences, the Court directed that she file those documents no later than August 4, 2025.  The Court provided counsel additional time to docket the transcript of the July 15, 2025 conference because she had not previously represented that she had reviewed that document.

On August 6, 2025, two days after the August 4, 2025 deadline, counsel for Defendants filed a letter stating that she had not yet received the transcript of the November 14, 2024 conference from the court reporters' office.  *See* Dkt. No. 26.  Further, counsel for Defendants attached an order receipt, which shows that counsel for Defendant requested the transcripts of the November 14, 2024 and the March 18, 2025 conference on July 31, 2025.  *See* Dkt. No. 26-1.

The Court cannot reconcile counsel for Defendants' written and oral representations to the Court that she had reviewed the transcripts of the November 14, 2024 and March 18, 2025 transcripts as of July 10, 2025 and July 15, 2025 with the content of her August 6, 2025 letter and its attachments.  Counsel for Defendants represented to the Court that she had reviewed the November 14, 2024 and March 18, 2025 transcripts prior to the date on which the order receipt

2

shows she ordered them.  Her August 6, 2025 letter states that she did not have the November 14, 2024 transcript as of August 6, 2025, which was after the dates on which she represented that she had reviewed it.  And counsel for Defendants' delay in docketing the transcript of the March 18, 2025 conference suggests that she did not have it on August 4, 2025, the date on which its filing was due.

The Court cannot reconcile counsel's written and oral representations to the Court with the content of her August 6, 2025 letter and its attachments.  Therefore, the Court is considering the issuance of an order to show cause why counsel for Defendants should not be sanctioned as a result of potential misrepresentations to the Court and/or be referred to the Court's Grievance Committee as a result of such potential misrepresentations.  The Court anticipates that it will issue any such an order to show cause on or about September 4, 2025.  If there is any information that counsel for Defendants wishes to present to the Court before the Court issues such an order to show cause, she may do so.

SO ORDERED.

Dated:  August 13, 2025
      New York, New York

_____
GREGORY H. WOODS
United States District Judge